COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NAZARETH HALL NURSING CENTER, | § | |
| | | No. 08-11-00205-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 448th District Court |
| | § | |
| MARIA GUADALUPE CASTRO, | | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#2011-1373) |

**O P I N I O N**

Nazareth Hall Nursing Center appeals the trial court's denial of its motion to reconsider an order denying its motion to compel arbitration. We dismiss the appeal for want of jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

Nazareth Hall employed Maria Guadalupe Castro from 1974 until February 2009. In 2006, Castro received an employee handbook and signed the "Employee Acknowledgment and Arbitration Agreement" (the agreement) attached to the handbook. Although a signature line for Nazareth Hall appears on the agreement, Nazareth Hall is not a signatory to the agreement. Castro's signature acknowledged that she received and read the introduction to the handbook. She also acknowledged and understood that an arbitration policy required any controversy or claim arising out of her employment to be settled by binding arbitration. In the agreement signed by Castro, Nazareth Hall reserved the right to change any of the policies or procedures in the handbook at any time, with or without notice, and with or without cause.[1]

---

[1] In May 2009, Nazareth Hall made modifications to its arbitration policy. Specifically, it separated the arbitration agreement from the employee acknowledgment form and added language providing that any change in the arbitration

On February 25, 2009, Castro was placed on an involuntary leave of absence at work due to Nazareth Hall's determination that Castro had too many work limitations due to a medical condition. Castro was never allowed to return to work after that date. In April 2009, Castro filed complaints with the Equal Employment Opportunity Commission and Texas Workforce Commission. The Commission granted Castro a notice of right to file suit based on its determination that there was reasonable cause to believe that Nazareth Hall discriminated against Castro based on her disability or record of disability. Castro filed suit for age and disability discrimination and retaliation.

Nazareth Hall moved to compel arbitration. In her response to the motion, Castro asserted that Nazareth Hall failed to show that the agreement met all the required contract elements. She argued that no enforceable arbitration agreement existed because the agreement was illusory. In addition, Castro contends that Nazareth Hall cannot compel arbitration because it did not sign the agreement. The trial court denied Nazareth Hall's motion to compel without stating the grounds for denial. Instead of appealing immediately, Nazareth Hall filed a motion to reconsider the order denying its motion to compel. The trial court denied the motion to reconsider. This appeal followed.

## DISCUSSION

### *Order Denying Motion to Reconsider Order Denying Motion to Compel Arbitration*

Nazareth Hall's notice of appeal states that it is appealing the trial court's order denying its motion to reconsider pursuant to section 51.016 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011). In a single issue on appeal, Nazareth Hall asks this Court to determine whether the trial court erred in denying its

provisions would only apply prospectively.

2

motion to compel arbitration and its motion to reconsider.

Castro responds that this Court does not have jurisdiction over the appeal. She asserts that the trial court's order denying Nazareth Hall's motion to reconsider is not an appealable order under Section 51.016 and Section 16 of the Federal Arbitration Act (FAA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011); 9 U.S.C.A. §§1-16 (West 2009). Nazareth Hall has not responded to the jurisdiction issue.

### *Appellate Jurisdiction*

An appeal from an interlocutory order is an accelerated appeal. TEX. R. APP. P. 28.1(a). To timely perfect an accelerated appeal, the notice of appeal must be filed within twenty (20) days after the judgment or order is signed unless otherwise authorized by statute or as extended as permitted by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.1(b), 26.3; *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).

If a matter is subject to the Federal Arbitration Act (FAA), Section 51.016 of the Texas Civil Practice and Remedies Code authorizes interlocutory appeals "to the court of appeals from the judgment or interlocutory order of a district court . . . under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011); *J.B. Hunt Transp., Inc. v. Hartman*, 307 S.W.3d 804, 808 n.3 (Tex. App. – San Antonio 2010, no pet.) (§ 51.016 applies to appeals filed after September 1, 2009). Section 16 of the FAA provides:

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C.A. § 16 (West 2009).

We strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447-48 (Tex. 2011). Our interlocutory jurisdiction is controlled by the substance and function of the order being appealed. *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App. – Houston [14th Dist.] 2011, no pet.).

Texas courts have found that an appeal from a trial court's order denying a motion to reconsider is not permitted under Section 51.016 of the Texas Civil Practice and Remedies Code and Section 16 of the FAA. *See Wells Fargo Bank, N.A. v. Goldberg*, No. 09-10-00386-CV, 2011 WL 662952, at *2 (Tex. App. – Beaumont February 24, 2011, no pet.) (§ 51.016 appeal from denial of motion to reconsider an order denying motion to compel arbitration dismissed for want of jurisdiction); *Nabors Well Services Company v. Aviles*, No. 06-10-00018-CV, 2010 WL 2680087, at *1-2 (Tex. App. – Texarkana July 7, 2010, no pet.) (§ 51.016 appeal from denial of amended motion to compel arbitration dismissed for want of jurisdiction and concluding that the amended motion to compel was in substance a motion to reconsider); *Hydro Management Systems, LLC v.*

4

*Jalin, Ltd.*, No. 04-09-00813-CV, 2010 WL 1817813, at *1-2 (Tex. App. – San Antonio May 5, 2010, no pet.) (dismissing appeal under § 51.016 for want of jurisdiction because while order denying a motion to compel arbitration is appealable under Section 16 of the FAA, an order denying a motion to reconsider was not independently appealable).

*Analysis*

In a recent decision, we faced a similar argument. *Lucchese, Inc. v. Solano*, No. 08-11-00101-CV, 2012 WL 2409659 (Tex. App. -- El Paso Jun. 27, 2012, no pet. h.). Like Nazareth Hall, Lucchese moved to compel arbitration which Solano opposed arguing that the agreement was illusory because Lucchese could unilaterally amend the agreement. *Id*. at *1. The trial court denied the motion to compel. *Id*. Lucchese filed an amended motion to compel arbitration based on an entirely different arbitration agreement. *Id*. Solano moved to strike the amended motion which the trial court granted. *Id*. at *2. On appeal, Solano argued that we lacked jurisdiction because the amended motion to compel was actually a motion to reconsider the trial court's previous denial of Lucchese's motion to compel. *Id*. at *3. We explained that because Lucchese based its amended motion to compel arbitration on an entirely new arbitration agreement, it was not asking the court to merely reconsider its prior ruling and because the order to strike was the functional equivalent of an order denying the amended motion, we concluded that we had jurisdiction to review the interlocutory order under Section 51.016 of the Texas Civil Practice and Remedies Code and Section 16 of the FAA. *Id*.

The instant case is distinguishable for the following reasons. Here, the trial court denied Nazareth Hall's motion to compel arbitration on May 5, 2011. Nazareth Hall's notice of appeal was due to be filed on May 25, 2011, twenty days after the order denying the motion to compel

5

arbitration was signed.  *See* TEX. R. APP. P. 26.1(b).   Instead of immediately filing an appeal, Nazareth Hall filed a motion to reconsider on May 20, 2011, which was denied on June 24, 2011. On July 11, 2011, Nazareth filed a notice of appeal, within twenty days of the date the trial court denied its motion to reconsider.   We strictly construe statutes authorizing interlocutory appeals. *CMH Homes*, 340 S.W.3d at 447-48; *Texas La Fiesta Auto Sales,* 349 S.W.3d at 878.   The relevant provisions of the FAA setting forth when an interlocutory appeal is permitted refer only to orders denying an application to compel arbitration and not to motions to reconsider.  *See* 9 U.S.C.A. § 16(a) (West 2009).   Therefore, we conclude that the order denying Nazareth Hall's motion to reconsider is not independently appealable under the FAA, and thus, is not an appealable order under section 51.016 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011) (interlocutory appeals may be taken under the same circumstances that an appeal from a federal court's order is permitted under the FAA).

Nazareth Hall had an opportunity to appeal the denial of its motion to compel arbitration, but it chose not to.   As a result, the deadline for perfecting an accelerated appeal has passed.  *See* TEX. R. APP. P. 26.1(b).   Here, the motion to reconsider is based on the same arbitration agreement which was the subject of the motion to compel and to allow an appeal of the order denying reconsideration would, in effect, permit two appeals.   Because Nazareth Hall failed to perfect its appeal within the requisite time from the order denying its motion to compel arbitration and because it appealed the motion to reconsider, which is not an appealable order under Section 16 of the FAA and Section 51.016, we conclude that we do not have jurisdiction to consider this appeal.  *See Wells Fargo Bank*, No. 09-10-00386-CV, 2011 WL 662952; *Nabors Well Services*

6

*Company*, No. 06-10-00018-CV, 2010 WL 2680087; *Hydro Management Systems*, No. 04-09-00813-CV, 2010 WL 1817813. Accordingly, we dismiss the appeal for want of jurisdiction. *Id.*


GUADALUPE RIVERA, Justice

June 29, 2012

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)
Chew, C.J., (Senior), sitting by assignment

7