COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| BENJAMIN TICE, JR., | § | No. 08-13-00014-CV |
| Appellant, | § | Appeal from the |
| v. | § | 327th Judicial District Court |
| EL PASO EDUCATION INITIATIVE, INC. d/b/a BURNHAM WOOD CHARTER SCHOOL DISTRICT, | § | of El Paso County, Texas |
| | § | (TC# 2012-DCV04513) |
| Appellee. | § | |

## <u>MEMORANDUM  OPINION</u>

In this employment-discrimination and -retaliation case, Benjamin Tice, Jr. appeals from the trial court's order granting El Paso Education Initiative, Inc. d/b/a Burnham Wood Charter School District's motion to compel arbitration and stay the proceedings.  El Paso Education Initiative now moves to dismiss the appeal for want of jurisdiction.[1]  Concluding that we lack jurisdiction over this appeal, we dismiss it.

It is well settled that appellate courts have jurisdiction over final judgments.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  A judgment is final if it disposes of all pending parties and claims.  *Id*.  An order compelling arbitration and staying proceedings pending

---

[1] Tice has not responded.

arbitration does not dispose of all claims and parties. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 840-41 (Tex. 2009)(orig. proceeding). Thus, the trial court's order at issue here is interlocutory.

Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly confers appellate jurisdiction. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). If a statute authorizes an interlocutory appeal, we strictly construe it. *CMH Homes v. Perez*, 340 S.W.3d 444, 447-48 (Tex. 2011); *Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 593 (Tex.App.--El Paso 2012, no pet.); *Lucchese, Inc. v. Solano*, 388 S.W.3d 343, 348 (Tex.App.--El Paso 2012, no pet.). The substance and function of the interlocutory order from which an appeal is taken controls our interlocutory jurisdiction. *Castro*, 374 S.W.3d at 593; *Solano*, 388 S.W.3d at 348; *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex.App.--Houston [14th Dist.] 2011, no pet.). When a party attempts to appeal a non-appealable interlocutory order, we have no jurisdiction except to dismiss the appeal. *Cantu Servs., Inc. v. United Freedom Assoc., Inc.*, 329 S.W.3d 58, 63 (Tex.App.--El Paso 2010, no pet.)[Quotation marks omitted].

Under the Federal Arbitration Act (FAA), an order compelling arbitration and granting a stay is not immediately reviewable. *In re Gulf Exploration, LLC*, 289 S.W.3d at 842; *see* 9 U.S.C.A. § 16(b)(1),(3)(West 2009)(interlocutory orders compelling arbitration and staying proceeding are not immediately reviewable under the FAA). Because such an order is not appealable under the FAA, it is not appealable under Section 51.016 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2012)(in matters subject to the FAA, an appeal is available only under the same circumstances that an

appeal from federal district court's order would be permitted). Here, both parties agreed at trial that the arbitration agreement was governed by the FAA, not the Texas General Arbitration Act (TAA).[2] The trial court's order compelling arbitration and staying the proceedings pending arbitration is therefore not reviewable by interlocutory appeal. We thus lack jurisdiction to consider Tice's appeal. Appellee's motion to dismiss the appeal for want of jurisdiction is hereby granted. Accordingly, we dismiss the appeal for want of jurisdiction.


March 13, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

---

[2] Under the TAA, an order compelling arbitration is likewise not subject to immediate review. *In re Gulf Exploration, LLC*, 289 S.W.3d at 842; *see* Tex.Civ.Prac.&Rem.Code Ann. § 171.098(a)(1)-(5)(West 2011)(no express provision under the TAA authorizing appeal from trial court's order compelling arbitration); *see also* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(1)-(11)(West Supp. 2012)(setting forth eleven types of appealable interlocutory orders, none of which relate to arbitration proceedings). The TAA does, however, permit a party to file an interlocutory appeal from an order "granting an application to stay arbitration made under Section 171.023 [of the Texas Civil Practice and Remedies Code]." Tex.Civ.Prac.&Rem.Code Ann. § 171.098(a)(2). Under Section 171.023(a), "[a] court may stay an arbitration commenced or threatened on application and a showing that there is not an agreement to arbitrate." *Id*. at § 171.023(a). Nothing in the record indicates that when El Paso Education Initiative moved to stay proceedings, it did so pursuant to Section 171.023 or that Tice sought an order staying arbitration under section 171.023(a) on the ground that no agreement to arbitrate exists.