COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| VNA, INC. d/b/a VNA HOME HEALTHCARE OF EL PASO, | § | No. 08-12-00083-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 327th Judicial District Court |
| | § | |
| MARIA FIGUEROA, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#2011-2052) |

## O P I N I O N

In this non-subscriber negligence case, VNA, Inc. d/b/a VNA Home HealthCare of El Paso brings an interlocutory appeal from the trial court's order permitting arbitration-related discovery.[1] Because the trial court did not rule on the merits of VNA's motion to compel arbitration, but rather expressly postponed its ruling on the motion until after the discovery it had ordered was completed, we dismiss the appeal for want of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Alleging she had sustained an on-the-job injury while caring for an elderly patient, Maria Figueroa sued VNA for negligence.[2] VNA moved to compel mediation and arbitration pursuant

---

[1] VNA also filed a companion petition for writ of mandamus seeking to compel the trial court to vacate its order.

[2] Figueroa also sued the elderly patient, but that cause of action is not part of this appeal.

to an agreement requiring claims of on-the-job injuries to be submitted to mediation and, if unsuccessful, binding arbitration.[3] Figueroa opposed VNA's motion to compel on several grounds. Most notably, she argued the arbitration agreement was substantively unconscionable and thus invalid because it prohibited her from filing suit to protect her claims and required her to provide notice of any claim to VNA within the applicable limitations period.

Thereafter, Figueroa moved for limited discovery to aid in determining whether the arbitration agreement was valid and for the trial court to hold a hearing on the matter. After hearing the parties' arguments, the trial court ordered limited discovery. In its order, the trial court made clear it was not "provid[ing] a final ruling on the Motion to Compel Arbitration until the . . . discovery [ordered] is complete."

## JURISDICTION

VNA contends that the trial court's order is reviewable by interlocutory appeal pursuant to Section 51.016 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2012). Figueroa, on the other hand, argues that VNA cannot bring an interlocutory appeal of the trial court's order under Section 51.016 because the trial court did not rule on the merits of VNA's motion to compel arbitration. We agree.

### *Standard of Review*

Appellate courts have jurisdiction over interlocutory orders permitted by statute. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 51.012 and 51.014 (West Supp. 2012). We strictly construe such statutes because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447-48 (Tex. 2011);

---

[3] VNA initially removed the suit to federal court, but the federal court remanded the suit after concluding that it lacked jurisdiction.

*Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 593 (Tex.App.--El Paso 2012, no pet.); *Lucchese, Inc. v. Solano*, 388 S.W.3d 343, 348 (Tex.App.--El Paso 2012, no pet.). The substance and function of the interlocutory order from which an appeal is taken controls our interlocutory jurisdiction. *Castro*, 374 S.W.3d at 593; *Solano*, 388 S.W.3d at 348; *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex.App.--Houston [14th Dist.] 2011, no pet.). When a party attempts to appeal a non-appealable interlocutory order, we have no jurisdiction except to dismiss the appeal. *Cantu Servs., Inc. v. United Freedom Assoc., Inc.*, 329 S.W.3d 58, 63 (Tex.App.--El Paso 2010, no pet.)(quotation marks omitted).

### *Applicable Law*

Section 51.016 of the Texas Civil Practice and Remedies Code provides in a matter subject to the Federal Arbitration Act (FAA), a party may appeal from an interlocutory order of a district court "under the same circumstances that an appeal from a federal district court's order . . . would be permitted by 9 U.S.C. Section 16." TEX.CIV.PRAC.&REM.CODE ANN. § 51.016. Section 16 of the FAA identifies the types of orders from which an appeal may be taken. Pursuant to Section 16, an appeal may be taken from:

(1) an order--

(A) refusing a stay of any action under section 3 of this title;
(B) denying a petition under section 4 of this title to order arbitration to proceed;
(C) denying an application under section 206 of this title to compel arbitration;
(D) confirming or denying confirmation of an award or partial award; or
(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C.A. § 16(a)(West 2009).

## *Discussion*

When strictly construed, Section 51.016 of the Texas Civil Practice and Remedies Code does not permit an interlocutory appeal from a trial court's order deferring ruling on a motion to compel arbitration. As established above, Section 16 of the FAA refers only to orders denying an application to compel arbitration and not to orders postponing a ruling on a motion to compel arbitration. *See* 9 U.S.C.A. § 16 (no express provision authorizing appeal from trial court's postponement of ruling on a motion to compel arbitration under the FAA). Accordingly, an order deferring a ruling on a motion to compel arbitration is not appealable under Section 16. Because such an order is not appealable under the FAA, it is not an appealable order under Section 51.016. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (in matters subject to the FAA, an appeal is available only under the same circumstances that an appeal from federal district court's order would be permitted). We therefore conclude the trial court's order permitting arbitration-related discovery is not reviewable by interlocutory appeal.

VNA argues that Section 16 "allow[s] an interlocutory appeal from a district court order that postpones a ruling on a motion to compel arbitration pending further discovery." As support, VNA relies on several decisions from various intermediate federal appellate courts that stand for the proposition if the substance of the order effectively denies a motion to compel arbitration, it is an appealable order under Section 16.[4] We recently addressed and rejected this argument in four

---

[4] *See, e.g.*, *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 998-99 (8th Cir. 2004)(concluding that the district court's order that did not determine conclusively whether the dispute should be referred to an arbitrator, but rather rejected the magistrate judge's order compelling arbitration, stayed proceedings, and reopened discovery, was an appealable order under Section 16 because the order refused a stay and directed that the litigation proceed); *Boomer v. AT&T Corp.*, 309 F.3d 404, 411-12 (7th Cir. 2002)(concluding that the district court's order explicitly denying a motion to compel arbitration was immediately appealable under Section 16, notwithstanding the issuance of a subsequent minute order directing the parties to confer and advise it regarding whether a separate trial on arbitrability of the claims was

comparable cases, concluding in each one the trial court's order deferring its ruling did not effectively deny the appellant's motion to compel arbitration. *See ReadyOne Indus., Inc. v. Carreon*, No. 08-11-00383-CV, 2012 WL 6644361, *2 (Tex.App.--El Paso Dec. 21, 2012, no pet.); *ReadyOne Indus., Inc. v. Torres*, No. 08-12-00073-CV, 2012 WL 6644388, *2 (Tex.App.--El Paso Dec. 21, 2012, no pet.); *ReadyOne Indus., Inc. v. Guillen-Chavez*, No. 08-12-00074-CV, 2012 WL 6644389, *2 (Tex.App.--El Paso Dec. 21, 2012, no pet.); *ReadyOne Indus., Inc. v. Simental*, No. 08-12-00075-CV, 2012 WL 6643309, *2 (Tex.App.--El Paso Dec. 21, 2012, no pet.). Because this is precisely what has occurred in this case, we reach the same conclusion here – a conclusion similar to that of our sister court in Tyler. *See In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 815 (Tex.App.--Tyler 2011, orig. proceeding)("Regardless of whether arbitration is sought under the [FAA] or the Texas Arbitration Act, appeal is not available when a trial court defers ruling on a motion to compel arbitration.").

## CONCLUSION

Because the trial court's order permitting arbitration-related discovery and deferring ruling on VNA's motion to compel arbitration is not an appealable order under Section 16 of the FAA, and thus, is not an appealable order under Section 51.016 of the Texas Civil Practice and Remedies Code, we do not have jurisdiction to consider VNA's appeal. Accordingly, we dismiss the appeal for want of jurisdiction. Figueroa's motion to dismiss the appeal is denied as moot.

April 25, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

---

warranted).