**Motion Granted; Order filed January 22, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00787-CV
_____

### SARITA GARG, SMITH & GARG, LLC AND GARG & ASSOCIATES, PC, Appellants

### V.

### TUAN M. PHAM, Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2008-43381**

# O R D E R

Appellants filed a notice of accelerated appeal from an interlocutory order denying their motion to compel arbitration signed August 25, 2014. Appellants' notice of appeal was due September 15, 2014. *See* Tex. R. App. P. 26.1(b) (stating notice of accelerated appeal must be filed within twenty days of the date the order is signed); 4.1(a) (extending the deadline when the last day falls on a Saturday, Sunday, or holiday). Appellants' notice of appeal was not filed until September 30,

2014, within the fifteen-day period for requesting an extension of time. *See* Tex. R. App. P. 26.3. Appellants did not file a motion to extend time to file the notice of appeal, however.

A motion for extension of time is "necessarily implied" when the perfecting instrument is filed within fifteen days of its due date. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). While an extension may be implied, appellants are still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Accordingly, on October 21, 2014, the court ordered appellants to file a proper motion to extend time to file the notice of appeal on or before November 5, 2014. *See* Tex. R. App. P. 26.3; 10.5(b)(2) (setting out the requirements for a motion to extend time to file a notice of appeal). The order notified appellants that if they failed to comply, the appeal was subject to dismissal. *See* Tex. R. App. P. 42.3. Appellants did not file the requested motion for extension of time to file the notice of appeal. On November 6, 2014, the court issued a notice to appellants directing them to file the requested extension within ten days or the appeal would be dismissed. The court informed appellants that despite appellee's response indicating he objected to the extension, no motion for extension had been filed with this court. No motion or other response was filed.

In addition, appellants' brief was due November 4, 2014, but it was not filed. Appellants filed a motion for extension of time to file their brief without mentioning the late notice of appeal. The brief extension was granted to December 22, 2014, with a notation that no further extensions would be granted absent exceptional circumstances. Appellants' brief was not filed by the deadline.

On December 15-18, 2014, appellee filed a motion, and amended motions, to dismiss the appeal. *See* Tex. R. App. P. 42.3. In addition to appellants' failure to comply with this court's order to file a proper motion for extension of time to file the notice of appeal or timely file their brief, appellee stated that appellants are improperly attempting to appeal the ruling on their motion to reconsider the denial of their motion to compel arbitration. *See Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 594 (Tex. App.—El Paso 2012, no pet.) (dismissing where appellant failed to perfect its appeal within the requisite time from the order denying its motion to compel arbitration and instead appealed the motion to reconsider, which is not an appealable order).

Before this court issued a ruling on appellee's motion to dismiss, on January 9, 2015, appellants filed a request for a final thirty-day extension of time to file their brief. We **GRANT** the motion for extension of time and issue the following order:

> **1. W**e **ORDER** appellants to file a proper motion to extend time to file the notice of appeal on or before **February 9, 2015**. *See* Tex. R. App. P. 26.3; 10.5(b).

> **2.** We **ORDER** appellants to file their brief on or before **February 9, 2015. No further extension requests will be entertained.**

> **3.** If appellants wish to respond to appellee's motion to dismiss, as amended, any response shall be filed on or before **February 9, 2015.**

If appellants do not comply with this order, the court will consider appellee's motion to dismiss the appeal or the court may dismiss the appeal on its own motion. *See* Tex. R. App. P. 42.3.

PER CURIAM