**Order filed February 3, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00787-CV
_____

**SARITA GARG, SMITH & GARG, LLC AND GARG & ASSOCIATES, PC,**
**Appellants**

**V.**

**TUAN M. PHAM, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-43381**

---

## ORDER

On September 30, 2014, appellants filed a notice of accelerated appeal from an interlocutory order signed August 25, 2014, denying their motion to compel arbitration. Because appellants' notice of appeal was filed after the twenty-day deadline to perfect an appeal, but within the fifteen-day period for an extension of time, this court ordered appellants to file an appropriate motion for extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3; *see also Miller v.*

*Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.). When the motion for extension of time was not filed as ordered, appellee filed a motion, and amended motions, to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). In addition to the assertion that the notice of appeal was filed late, appellee argued that because the order was issued pursuant to the Federal Arbitration Act ("FAA"), it is not subject to interlocutory appeal. We disagree. In 2009, the legislature amended the Texas Arbitration Act to permit interlocutory appeals of orders denying motions to compel arbitration pursuant to the FAA. *See* Tex. Civ. Prac. & Rem. Code § 51.016 (West, Westlaw through 2013 3d C.S.); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 448 (Tex. 2011) (construing section 51.016). If a matter is subject to the FAA, section 51.016 of the Texas Civil Practice and Remedies Code authorizes interlocutory appeals "to the court of appeals from the judgment or interlocutory order of a district court . . . under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code § 51.016.

In response to a further order from this court, on January 13, 2015, appellants notified this court that their motion for extension of time to file the notice of appeal was e-filed at the Court of Appeals for the First District of Texas with appellants' notice of appeal. Appellants requested that the motion be filed in this court. We granted appellants' request and have filed the motion in this court. Appellants also requested sanctions against appellee, asserting that appellee was aware that the motion for extension of time had been filed. We note that in the documents included with appellants' motion is a copy of the confirmation that the motion for extension of time had been e-filed, and the notice expressly advised appellants to "file a copy of your motion again with the Court that was assigned

2

your case . . . ." In addition, appellants failed to respond either to this court's October 21, 2014 order to file an extension or to this court's notice on November 6, 2014, that no extension motion had been received. We **DENY** appellants' motion for sanctions.

Appellants have provided a reasonable explanation for the late filing of their notice of appeal. Therefore, we **GRANT** appellants' motion for extension of time to file their notice of appeal. On the grounds alleged in appellee's motion to dismiss the appeal for want of jurisdiction, as amended, the motion is **DENIED**.

However, there remains another basis to question this court's jurisdiction. The trial court first denied appellants' motion to compel arbitration on August 1, 2014. Appellants then filed a motion to reconsider the denial, asserting that counsel's failure to appear at the August 1, 2014 hearing was inadvertent. In addition, appellants asserted that appellee's response was not filed until the day of the hearing. On August 18, 2014, the trial court signed an order granting reconsideration and advised the parties that on August 25, 2014, the trial court would hear the motion to compel arbitration by submission. On August 25, 2014, appellants filed objections to appellee's evidence. That day, the trial court signed an order denying appellants' motion to compel arbitration.

Some Texas courts of appeals have determined that they lack jurisdiction over an appeal from an order denying a motion to reconsider the denial of a motion to compel arbitration. *See, e.g., Nazareth Hall Nursing Ctr. v. Castro,* 374 S.W.3d 590, 594 (Tex. App.—El Paso 2012, no pet.) (dismissing where appellant failed to perfect its appeal within the requisite time from the order denying its motion to compel arbitration and instead appealed the motion to reconsider, which is not an appealable order under Section 16 of the FAA and Section 51.016). In *Nabors Well Services Co. v. Aviles,* the appellate court agreed with the trial court's

3

characterization of an amended motion to compel arbitration as a motion for reconsideration, and dismissed the appeal for want of jurisdiction. No. 06-10-00018-CV, 2010 WL 2680087, at *1–*2 (Tex. App.—Texarkana July 7, 2010, no pet.) (mem. op.); *see also Hydro Mgmt. Sys., LLC v. Jalin, Ltd.,* No. 04–09–00813–CV, 2010 WL 1817813 (Tex. App.—San Antonio May 5, 2010, no pet.) (mem. op.) (holding that because the later order denying arbitration did nothing to modify the first order, the motion for reconsideration did not extend the time for perfecting an appeal of the trial court's interlocutory order, and the notice of appeal was untimely filed).

The parties are requested to address the following issues in their appellate briefs:

1. Does this court have jurisdiction over this interlocutory appeal?

2. Is the second order denying arbitration an order on a motion to reconsider or rehear the motion to compel arbitration?

3. Did the time to perfect an accelerated appeal from the denial of arbitration begin on August 1, 2014, or August 25, 2014?

4. Does the motion for reconsideration extend the time to perfect the appeal?

5. Did the trial court set aside the first order denying the motion to compel arbitration when it granted appellants' motion for reconsideration?

6. Do the authorities cited above apply to this case, or may they be distinguished?

The deadline for filing appellants' brief is extended to **twenty days** after the date of this order, and appellee's brief shall be due **twenty days** after appellants' brief is filed.

PER CURIAM

4

Panel consists of Chief Justice Frost and Justices Boyce and McCally.