**REVERESE and REMAND; and Opinion Filed August 26, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00697-CV

### ROCKY V. EMERY, Appellant
### V.
### HILLTOP SECURITIES, INC., Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-03103**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Appellant Rocky V. Emery appeals the trial court's orders (1) denying his motion to compel arbitration, and (2) granting appellee Hilltop Securities, Inc.'s application for temporary injunction. For the reasons that follow, we reverse the trial court's injunction order. We remand the case to the trial court with an instruction to order the parties to arbitrate Hilltop's claims in this lawsuit in the proceeding pending before the Financial Industry National Regulatory Authority ("FINRA"), and for other proceedings consistent with this opinion.

### BACKGROUND

On June 17, 2016, Hilltop and Emery entered into an employment agreement under which Emery was employed as an Investment Executive with Hilltop. On the same date, Emery signed a

promissory note in the principal amount of $350,000 to Hilltop. The promissory note included the following provision:

> This Note shall be governed by and construed in accordance with the laws of the State of Texas and the applicable laws of the United States of America. This Note is performable in Dallas County, Texas. Any action or proceeding under or in connection with this Note against Employee or any other party ever liable for payment of any sums of money payable on this Note may be brought in any state or federal court in Dallas County, Texas. Employee and each such other party hereby irrevocably (i) submits to the nonexclusive jurisdiction of such courts, and (ii) waives any objection he may now or hereafter have as to the venue of any such action or proceeding brought in such court or that such court is an inconvenient forum.

Neither the promissory note nor the employment agreement included an arbitration provision or made any reference to arbitration of disputes.

In March 2018, Hilltop filed this suit against Emery for the unpaid principal balance due on the note. Hilltop also pleaded a claim for monthly advances it paid Emery against commissions that Emery had not yet earned.

Emery responded by filing a motion to compel arbitration. He explained that on March 30, 2018, after this suit was filed, he filed a FINRA arbitration against Hilltop for claims relating to his employment by Hilltop, and that arbitration proceeding was now pending. In his motion to compel, Emery alleged:

- Hilltop is a member of FINRA and he is a registered broker and investment adviser "last registered with and employed by" Hilltop;

- He and Hilltop were obligated by FINRA's rules to arbitrate Hilltop's claim on the promissory note;

- FINRA Rule 13200 "provides in part, '. . . a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among: Members; Members and Associated Persons; or Associated Persons";

- Hilltop induced him to accept employment by promising it could "support" Emery's business using a "fee for advice" model;

–2–

- "As part of its attempt to induce [Emery], [Hilltop] presented Emery with the very promissory note in the amount of $350,000 (the "Note"), which is the subject of this lawsuit"; and

- He accepted Hilltop's offer of employment and signed the promissory note based on Hilltop's representations, but he was forced to leave Hilltop's employ when Hilltop "made no progress" implementing and supporting Emery's model.

Emery attached his employment agreement with Hilltop to his motion. The agreement does not contain an arbitration clause. It provides only that "[t]he validity, interpretation, and performance of this Agreement shall be controlled by and construed under the laws of the State of Texas." Emery did not include a copy of Rule 13200 or any evidence supporting his argument that the rule bound Hilltop to arbitrate its claim on the promissory note.

Hilltop opposed Emery's motion, responding that "[w]hatever issues Defendant raises as to his employment with Plaintiff clearly are outside the terms of the Promissory Note." Hilltop concluded, "[i]t is [Hilltop's] assertion that the claims in the FINRA arbitration are trumped by the prior pending case in this Court in Dallas, Texas."

After a hearing, the trial court denied Emery's motion by written order dated May 21, 2018. There is no reporter's record of this hearing or any indication that any witness testified or that any documents were offered or admitted into evidence.[1] Consequently, there is nothing in the record to show that Emery proffered to the trial court the FINRA rule under which he contended Hilltop was required to arbitrate. The trial court had before it only the note—the sole basis for Hilltop's claim—that did not contain an arbitration provision.

On July 18, 2018, Hilltop filed an application for temporary injunction pursuant to section 65.011(2) of the civil practice and remedies code. Hilltop alleged that on March 30, 2018, Emery "filed a Statement of Claim in an attempt to initiate an arbitration proceeding with FINRA," and

---

[1] Hilltop recites in its appellate brief that "the court summarily decided the issues 'on the papers' in accord with Civil Practice & Remedies Code § 171.021(b)." Section 171.021(b) provides, "If a party opposing an application [to compel arbitration] . . . denies the existence of the agreement, the court shall summarily determine that issue. The court shall order the arbitration if it finds for the party that made the application. If the court does not find for that party, the court shall deny the application." TEX. CIV. PRAC. & REM. CODE § 171.021(b).

was proceeding with arbitration "in spite of the trial court's order on May 21, 2018" denying Emery's motion to compel arbitration. Hilltop also recited that Emery had filed an interlocutory appeal of the trial court's order. Hilltop argued:

4.    This Court should grant a temporary injunction to preserve this Court's jurisdiction and to avoid unnecessary expenses. It is clear that this Court has jurisdiction and that all claims of Defendant are mandatory counterclaims; however, should this Court refuse to grant this injunction, Plaintiff shall be forced to participate in FINRA initially to pay in excess of $2,500 to properly do the research to select arbitrators and then to move forward with the arbitration.

5.    Further, if both proceedings are permitted to proceed at the same time, Plaintiff is in danger of inconsistent outcomes being reached by different tribunals regarding Plaintiff's liability on the Note.

6.    Based upon the terms of [the promissory note], it is clear that this Court has jurisdiction and the Court of Appeals should confirm same.

Emery responded to Hilltop's application, alleging that FINRA Rule 13200 required his own claims against Hilltop to be arbitrated. He argued that his claims arise "out of the parties' business activities, which are separate, distinct, and should proceed without regard to whether or not Hilltop's claims solely related to the disputed promissory note proceed [sic] in this Court," and that FINRA's rules "which have the force of pre-emptive federal law" establish FINRA "as the only appropriate forum to resolve the claims that were properly submitted to it by Emery." Emery's response to Hilltop's application also included a motion to reconsider his motion to compel arbitration.

After an evidentiary hearing, the trial court signed two orders, one denying Emery's motion to reconsider his motion to compel arbitration and one granting Hilltop's application for temporary injunction. In the latter, dated July 31, 2018, the court ruled that Emery was enjoined from:

1.    Prosecuting the case filed with the Financial Industry Regulatory Authority ("FINRA") and assigned Case No. 18-01118;

2.    Opposing the stay or abatement of FINRA Case No. 18-01118 pending resolution of this Cause; and/or

–4–

3. Filing another arbitration or court proceeding concerning the same subject matter as this Cause.

The court also ordered:

4. This injunction is only effective while this Cause is pending.

The trial court's order included its reasons for issuing the injunction:

A. This Cause was filed, and Defendant was served with citation, before Defendant filed FINRA Case No. 18-01118;

B. The claims asserted by Defendant in FINRA Case No. 18-01118 are compulsory counterclaims in this Cause under Tex. R. Civ. P. 97(a);

C. Defendant specially agreed to jurisdiction and venue in this County in the Note upon which Plaintiff's cause of action in this Cause is based;

D. Allowing both this Cause and FINRA Case No. 18-01118 to proceed exposes Plaintiff to the danger of multiple suits with inconsistent outcomes and unnecessary and duplicative effort and expense;

E. This injunction is necessary to preserve the status quo pending trial; and

F. Defendant is performing or is about to perform an act relating to the subject of this Cause, in violation of the rights [sic] Plaintiff, and the acts would tend to render the judgment in this Cause ineffectual.

On June 11, 2018, Emery filed a notice of appeal of the trial court's May 21, 2018 order denying his motion to compel arbitration. On August 15, 2018, Emery filed a notice of appeal of the trial court's July 31, 2018 order granting Hilltop's application for temporary injunction. Emery filed a motion to consolidate the two appeals, which we granted on September 5, 2018. In two issues, Emery argues the trial court erred by refusing to compel arbitration and by granting Hilltop's application for temporary injunction.

## STANDARDS OF REVIEW

We review de novo whether an enforceable agreement to arbitrate exists. *J. M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

We review the trial court's denial of a motion to compel arbitration under an abuse of discretion standard. *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 12 (Tex. App.—Houston

–5–

[14th Dist.] 2016, pet. denied). "An order denying arbitration must be upheld if it is proper on any basis considered by the trial court." *Id.* (internal quotation omitted).

A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Id.* "Under this standard, we defer to a trial court's factual determinations if they are supported by evidence, but [we] review a trial court's legal determinations de novo." *Id.* (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding)).

When reviewing an order granting a motion to stay arbitration, we apply a no-evidence standard to the trial court's factual determinations and a de novo standard to legal determinations. *Law Ofc. of Thomas J. Henry v. Cavanaugh*, No. 05-17-00849-CV, 2018 WL 2126936, at *3 (Tex. App.—Dallas May 7, 2018, pet. denied) (mem. op.).

**ANALYSIS**

**1. Applicable law**

Under both the Federal Arbitration Act ("FAA") and the Texas Arbitration Act ("TAA"), a party seeking to compel arbitration must establish that (1) there is a valid arbitration agreement; and (2) the claims in dispute fall within the scope of that agreement. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding) (FAA); *McReynolds v. Elston*, 222 S.W.3d 731, 739 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (TAA).

The Note provides that it "shall be governed by and construed in accordance with the laws of the State of Texas and the applicable laws of the United States of America." The Employment Agreement between Hilltop and Emery also provides that "[t]he validity, interpretation, and performance of this Agreement shall be controlled by and construed under the laws of the State of Texas." But Emery argues on appeal that arbitration is required under a "U4 Uniform Application for Securities Industry Registration or Transfer" that he submitted to Hilltop at the commencement

of his employment. We have concluded that a Form U4 "is a separate contract involving the sale of securities, and its arbitration clause is enforceable under the FAA," *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 195 S.W.3d 807, 813 (Tex. App.—Dallas 2006, orig. proceeding), as have several of our sister courts. *See In re Stanford Group Co.*, 273 S.W.3d 807, 812 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *Wachovia Secs., LLC v. Emery*, 186 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *In re Scott*, 100 S.W.3d 575, 579 (Tex. App.—Fort Worth 2003, orig. proceeding); *accord Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995); *see also* 9 U.S.C. § 2 (FAA applies to "a contract evidencing a transaction involving commerce"); *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 87–88 (Tex. 2011) (quoting FAA § 2). When both the FAA and the TAA are invoked, the FAA preempts the TAA only if the TAA is inconsistent with the FAA or affects the enforceability of the contract. *Barantas Inc. v. Enterprise Fin. Grp. Inc.*, No. 05-17-00896-CV, 2018 WL 3738089, at *5 (Tex. App.—Dallas Aug. 7, 2018, no pet.).

**2. Emery's initial motion**

A party attempting to compel arbitration must first establish that the dispute in question falls within the scope of a valid agreement to arbitrate. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). If the other party resists arbitration, the trial court must determine whether a valid agreement to arbitrate exists. *Id.* Although there is a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *Id.*

After Hilltop filed suit against Emery on the promissory note, Emery initiated an arbitration proceeding. In the trial court, Emery sought to compel Hilltop's claim into the arbitration. We have no record of the hearing on Emery's initial motion to compel arbitration. Emery did not proffer either his Form U4 with Hilltop or a copy of the FINRA rule on which he relied to support his

motion. The only attachments to Emery's unsworn motion were: (1) his employment agreement with Hilltop; (2) the promissory note; (3) an amortization schedule for the note; and (4) a FINRA "Letter of Acceptance, Waiver and Consent" regarding a settlement of alleged rule violations by Merrill Lynch, Pierce, Fenner & Smith Inc. that involved neither Emery nor Hilltop. None of these items included an agreement to arbitrate disputes. "When we are called upon to decide whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration." *AXA Fin., Inc. v. Roberts*, No. 03-07-00079-CV, 2007 WL 2403210, at \*5 (Tex. App.—Austin Aug. 23, 2007, no pet.) (mem. op.). Consequently, we cannot say that the trial court abused its discretion by denying Emery's initial motion. As we discuss below, however, both parties subsequently proffered evidence that established their agreement to arbitrate.

### 3. Hilltop's motion to stay

After the trial court denied Emery's initial motion, Hilltop filed a motion to stay the arbitration proceedings under civil practice and remedies code section 65.011(2). Section 65.011(2) provides:

> § 65.011. Grounds Generally
>
> A writ of injunction may be granted if: . . .
>
> (2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual;
> . . . .

TEX. CIV. PRAC. & REM. CODE § 65.011(2). A temporary injunction is an extraordinary remedy, the purpose of which is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Topletz v. City of Dallas*, No. 05-16-00741-CV, 2017 WL 1281393, at \*2 (Tex. App.—Dallas Apr. 6, 2017, no pet.) (mem. op.). To be entitled to a temporary injunction, an applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a

probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.*

In support of its motion, Hilltop argued that Emery's claims in the arbitration proceeding were "mandatory counterclaims" to Hilltop's suit on the promissory note, and that Hilltop "is in danger of inconsistent outcomes being reached by different tribunals regarding Plaintiff's [sic] liability on the Note." Although Emery responded that he did not seek damages based on the promissory note, he also argued in the alternative that Hilltop was required to arbitrate its claim on the note.

Emery's "Statement of Claim" in the arbitration proceeding, which Hilltop attached to its application for temporary injunction, showed that Emery did seek relief from his obligations on the note. In the arbitration, Emery asserted claims for "fraud; fraud in the inducement; breach of contract; breach of the implied covenant of good faith and fair dealing; negligent misrepresentation; promissory estoppel, *quantum meruit*; and unpaid wages." Emery contended the arbitration "relates to Hilltop's: (i) inducements and representations to cause Emery to become employed by it; . . . [and] (iii) failure to fulfill its promises and representations to Emery . . . ." Emery alleged in part:

> 27.    As part of its attempt to induce Emery to move his business from TCM [Emery's previous employer] and to join it, Hilltop presented Emery with a promissory note in the amount of $350,000 (the "Note").

In addition, in his original answer (filed subject to his motion to compel arbitration), Emery pleaded, "As part of its attempt to induce the defendant, plaintiff presented Emery with the very promissory note in the amount of $350,000 (the "Note"), which is the subject of this lawsuit."

The trial court found that "[a]llowing both this Cause and FINRA Case No. 18-01118 to proceed exposes Plaintiff to the danger of multiple suits with inconsistent outcomes." The trial court also concluded that the claims asserted in the arbitration "are compulsory counterclaims in this Cause under Tex. R. Civ. P. 97(a)"; Emery "specially agreed to jurisdiction and venue in this County in the Note upon which [Hilltop's] cause of action in this Cause is based"; and to proceed with the arbitration exposed Hilltop to the danger of inconsistent outcomes and unnecessary and duplicative effort and expense. The evidence offered by the parties supported the trial court's conclusion that Emery's claims in the arbitration were compulsory counterclaims to Hilltop's suit on the promissory note.

But the evidence before the trial court also established Emery's right to compel arbitration of Hilltop's claim on the promissory note. At the outset of the hearing, the trial court denied Emery's motion for reconsideration on the ground that "[n]othing new has happened" since the filing of Emery's original motion to compel arbitration. During the course of the hearing, however, Emery offered new evidence. FINRA Rule 13200 was included in the record as Defendant's Exhibit 2, Emery's statement of claim was admitted into evidence as Plaintiff's Exhibit 2, and Hilltop witness Mike Lyons testified that "FINRA is the self-regulatory organization that governs the broker dealer functions of Hilltop Securities." And as we have explained, Emery alleged in the arbitration that Hilltop "presented" him the promissory note "[a]s part of its attempt to induce [him] to move his business . . . and to join" Hilltop.

By its ruling that Emery's claims in the arbitration were compulsory counterclaims under rule 97, the trial court necessarily found that Emery's claims "[arose] out of the transaction or occurrence that is the subject matter of the opposing party's claim." TEX. R. CIV. P. 97. Given the evidence establishing that FINRA Rule 13200 required arbitration of disputes "aris[ing] out of the business activities of a member or an associated person and is between or among" members or

members and associated persons, and the evidence that Hilltop and Emery were subject to FINRA's rules, the parties are required to arbitrate their dispute. Consequently, Hilltop failed to establish that it was entitled to the injunctive relief it sought, to stay the arbitration pending the resolution of Hilltop's suit on the promissory note. *See Topletz*, 2017 WL 1281393, at \*2. The trial court should have denied Hilltop's application for injunction. We sustain Emery's second issue.

## 4. Jurisdiction over Emery's motion to reconsider

In addition to reversal of the trial court's injunction order, Emery requests that "all disputes between the parties [be] compelled into FINRA arbitration." Hilltop replies that because we lack jurisdiction to review Emery's motion to reconsider, we cannot compel its promissory note claim into the arbitration proceeding with Emery's pending claims. Hilltop argues that the trial court's order denying Emery's motion to reconsider "is not included in the list of interlocutory orders that can be appealed," citing *Nazareth Hall Nursing Center v. Castro*, 374 S.W.3d 590, 594 (Tex. App.—El Paso 2012, no pet.), and section 51.014 of the civil practice and remedies code. *See* CIV. PRAC. & REM. § 51.014 (appealable interlocutory orders); *but see* CIV. PRAC. & REM. § 51.016 (appeal arising under FAA).

Civil practice and remedies code section 51.016 permits appeals from certain interlocutory orders in matters subject to the FAA. If an appeal would be permitted under section 16 of the FAA, then "a person may take an appeal or writ of error to the court of appeals." CIV. PRAC. & REM. § 51.016. FAA section 16(a)(1) permits appeals from orders denying "a petition . . . to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). Section 16(a)(2) permits appeals from "an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title." 9 U.S.C. § 16(a)(2).

As we have explained, the trial court erred by granting Hilltop's application for injunction because the evidence established the parties' agreement to arbitrate Hilltop's claim on the

promissory note. Consequently, Hilltop could not prove its probable right to injunctive relief preventing arbitration of the claim. Unlike *Castro*, where the motion to reconsider raised no new grounds for compelling arbitration and the issue was timeliness of the notice of appeal, *see Castro*, 374 S.W.3d at 592–94, Emery's timely appeal of the injunction necessarily required review of the trial court's conclusion that Hilltop proved its probable right to injunctive relief. In addition, Emery was not limited to a single motion to compel arbitration. *See, e.g., Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 708, 715 (4th Cir. 2015) ("no authority—not the FAA . . . or any other source of law of which we are aware—limits a party to only one motion under §§ 3 or 4 of the FAA"); *Athas Health, LLC v. Trevithick*, No. 05-16-00219-CV, 2017 WL 655926, at *1–2 (Tex. App.—Dallas Feb. 17, 2017, no pet.) (mem. op.) (interlocutory appeal of orders denying two motions to compel arbitration). And in *Weekley Homes, L.P. v. Rao*, 336 S.W.3d 413, 418 (Tex. App.—Dallas 2011, pet. denied), we noted "the general, congressionally mandated rule" that "anti-arbitration decisions are immediately appealable" under FAA section 16. *See Rao*, 336 S.W.3d at 418 (quoting *May v. Higbee Co.*, 372 F.3d 757, 762 (5th Cir. 2004)). On this record, we conclude we have jurisdiction over the trial court's denial of Emery's motion to reconsider, and consequently to order the parties to arbitrate Hilltop's claims on the promissory note.

## CONCLUSION

We reverse the trial court's order granting Hilltop's application for temporary injunction. We remand the case to the trial court with instructions to order the parties to arbitrate Hilltop's claims in this lawsuit in the proceeding pending before FINRA, and for other proceedings consistent with this opinion.

180697F.P05

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROCKY V. EMERY, Appellant

No. 05-18-00697-CV     V.

HILLTOP SECURITIES, INC., Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-03103.
Opinion delivered by Justice Osborne;
Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the trial court's order of July 31, 2018, granting appellee Hillop Securities, Inc.'s Application for Temporary Injunction is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to order the parties to arbitrate appellee's claims in this lawsuit in the proceeding pending before the Financial Industry Regulatory Authority, and for other proceedings consistent with this Court's opinion.

It is **ORDERED** that appellant Rocky V. Emery recover his costs of this appeal from appellee Hilltop Securities, Inc.

Judgment entered this 26th day of August, 2019.