COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| READYONE INDUSTRIES, INC., | § | No. 08-12-00075-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th Judicial District Court |
| MARGARITA SIMENTAL, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2011-2790) |
| | § | |

## O P I N I O N

In this non-subscriber negligence case, ReadyOne Industries, Inc. brings an interlocutory appeal from the trial court's order permitting arbitration-related discovery.[1]   Because the trial court did not rule on the merits of ReadyOne's motion to compel arbitration, but rather expressly postponed its ruling on the motion until after the discovery it had ordered was completed, we dismiss the appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Alleging that she sustained an on-the-job injury, Margarita Simental sued ReadyOne for negligence.   After filing an answer, ReadyOne moved to compel arbitration pursuant to an agreement requiring claims of on-the-job injuries to be submitted to binding arbitration.   In response, Simental moved for limited discovery on the issue of arbitrability to "develop [her] case, and defend against [ReadyOne's] contentions that a valid arbitration agreement exists[,] . . . [and] . . . to develop or inquire into any factual issues that may preclude or discredit the existence of a valid arbitration agreement."

---

[1]  ReadyOne also filed a companion petition for writ of mandamus seeking to compel the trial court to vacate its order.

At the hearing on these matters, Simental argued that because her affidavit, attached to the response to ReadyOne's motion to compel arbitration, raised concerns about fraudulent inducement and no meeting of the minds, discovery on the validity of the arbitration agreement was required.[2] Simental also argued that her claims against ReadyOne are not arbitrable because the Franken Amendment[3] prevents federal contractors from enforcing agreements to arbitrate tort claims related to or arising out of negligent hiring, supervision, or retention.[4] After considering the parties' arguments, the trial court ordered limited discovery on the applicability of the Franken Amendment and on Simental's claims of fraudulent inducement and no meeting of the minds. In its order, the trial court made clear that "[it] has not provided a final ruling on Defendant's Motion to Compel Arbitration and will not provide such ruling until . . . the . . . discovery [ordered] should be complete."

## JURISDICTION

ReadyOne contends that the trial court's order is reviewable by interlocutory appeal pursuant to Section 51.016 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2012). Simental, on the other hand, argues that ReadyOne cannot bring an interlocutory appeal of the trial court's order under Section 51.016 because the trial court did not rule on the merits of ReadyOne's motion to compel

---

[2] Simental's response to ReadyOne's motion to compel arbitration is not in the record. However, there is no doubt that ReadyOne was aware of its existence. At the hearing, counsel for ReadyOne acknowledged receiving Simental's response that day and, despite receiving it then, argued that Simental's affidavit was insufficient to require discovery on the issues of fraudulent inducement and no meeting of the minds. In any event, neither party complains about the absence of the response from the record, and more importantly, the response is unnecessary for the resolution of this appeal.

[3] Section 8116 of the Department of Defense Appropriations Act of 2010 is known as the Franken Amendment because of its author, Senator Al Franken of "Saturday Night Live" fame.

[4] Counsel for Simental informed the trial court that he had briefed this issue in the response to ReadyOne's motion to compel arbitration. As noted above in footnote two, the response is not in the record.

arbitration.   We agree.

### *Standard of Review*

Appellate courts have jurisdiction over interlocutory orders permitted by statute.   *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 51.012 and 51.014 (West Supp. 2012).   We strictly construe such statutes because interlocutory orders are a narrow exception to the general rule that interlocutory orders are not immediately appealable.   *CMH Homes v. Perez*, 340 S.W.3d 444, 447-48 (Tex. 2011); *Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 593 (Tex.App.--El Paso 2012, no pet.); *Lucchese, Inc. v. Solano*, 08-11-00101-CV, 2012 WL 2409659, *2 (Tex.App.--El Paso 2012, no pet.).   The substance and function of the interlocutory order from which an appeal is taken controls our interlocutory jurisdiction.   *Castro*, 374 S.W.3d at 593; *Solano*, 2012 WL 2409659, at *3; *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex.App.--Houston [14th Dist.] 2011, no pet.).   When a party attempts to appeal a non-appealable interlocutory order, we have no jurisdiction except to dismiss the appeal.   *Cantu Servs., Inc. v. United Freedom Assoc., Inc.*, 329 S.W.3d 58, 63 (Tex.App.--El Paso 2010, no pet.) (quotation marks omitted).

### *Applicable Law*

Section 51.016 of the Texas Civil Practice and Remedies Code provides that in a matter subject to the Federal Arbitration Act (FAA), a party may appeal from an interlocutory order of a district court "under the same circumstances that an appeal from a federal district court's order . . . would be permitted by 9 U.S.C. Section 16."   TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2012).   Section 16 of the FAA identifies the types of orders from which an appeal may be taken.   Pursuant to Section 16, an appeal may be taken from:

3

(1) an order--

      (A) refusing a stay of any action under section 3 of this title,
      (B) denying a petition under section 4 of this title to order arbitration to proceed,
      (C) denying an application under section 206 of this title to compel arbitration,
      (D) confirming or denying confirmation of an award or partial award, or
      (E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C.A. § 16(a)(West 2009).

### *Discussion*

When strictly construed, Section 51.016 of the Texas Civil Practice and Remedies Code does not permit an interlocutory appeal from a trial court's order deferring ruling on a motion to compel arbitration.   As established above, Section 16 of the FAA refers only to orders denying an application to compel arbitration and not to orders postponing a ruling on a motion to compel arbitration.   *See* 9 U.S.C.A. § 16 (no express provision authorizing appeal from trial court's postponement of ruling on a motion to compel arbitration under the FAA).   Accordingly, an order deferring a ruling on a motion to compel arbitration is not appealable under Section 16.   Because such an order is not appealable under the FAA, it is not an appealable order under Section 51.016. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (in matters subject to the FAA, an appeal is available only under the same circumstances that an appeal from federal district court's order would be permitted).   We therefore conclude that the trial court's order permitting arbitration-related discovery is not reviewable by interlocutory appeal.

ReadyOne argues that Section 16 "allow[s] an interlocutory appeal from a district court

4

order that postpones a ruling on a motion to compel arbitration pending further discovery." In support of its argument, ReadyOne points us to several decisions from various intermediate federal appellate courts that stand for the proposition that if the substance of the order effectively denies a motion to compel arbitration, it is an appealable order under Section 16, even if the order does not determine conclusively whether the dispute should be referred to an arbitrator.[5] Although we may rely on decisions from intermediate federal appellate courts as persuasive authority, we are not persuaded by those relied upon by ReadyOne. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993)(stating that opinions from any federal or state court may be relied on a persuasive authority, but Texas appellate courts are obligated to follow only higher Texas courts and the United States Supreme Court). Here, unlike in the cases on which ReadyOne relies, the substance of the trial court's order did not effectively deny ReadyOne's motion to compel arbitration. Moreover, our sister court considered this identical issue in *In re F.C. Holdings, Inc.* and held that, "[r]egardless of whether arbitration is sought under the [FAA] or the Texas Arbitration Act, appeal is not available when a trial court defers ruling on a motion to compel arbitration." 349 S.W.3d 811, 815 (Tex.App.--Tyler 2011, orig. proceeding)(citations omitted). We are thus more persuaded by our reasoning and that of our sister court in *In re F.C. Holdings, Inc.* than by the reasoning of the federal appeals courts in the cases relied upon by ReadyOne.

**CONCLUSION**

Because the trial court's order permitting arbitration-related discovery and deferring ruling

---

[5] *See, e.g.*, *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 998-99 (8th Cir. 2004)(concluding that the district court's order that did not determine conclusively whether the dispute should be referred to an arbitrator, but rather rejected the magistrate judge's order compelling arbitration, stayed proceedings, and reopened discovery, was an appealable order under Section 16 because the order refused a stay and directed that the litigation proceed); *Boomer v. AT&T Corp.*, 309 F.3d 404, 411-12 (7th Cir. 2002)(concluding that the district court's order explicitly denying a motion to compel arbitration was immediately appealable under Section 16, notwithstanding the issuance of a subsequent minute order directing the parties to confer and advise it regarding whether a separate trial on arbitrability of the claims was warranted).

5

on ReadyOne's motion to compel arbitration is not an appealable order under Section 16 of the FAA, and thus, is not an appealable order under Section 51.016 of the Texas Civil Practice and Remedies Code, we do not have jurisdiction to consider ReadyOne's appeal.  Accordingly, we dismiss the appeal for want of jurisdiction.


December 21, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.