**Dismissed and Memorandum Opinion filed March 31, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00088-CV

## SOUTH CENTRAL HOUSTON ACTION D/B/A CENTRAL CARE COMMUNITY HEALTH CARE, Appellant

### V.

### BRENDA STEWART, Appellee

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2014-21879**

## M E M O R A N D U M   O P I N I O N

On January 21, 2015, appellant filed a notice of appeal from an interlocutory order signed January 13, 2015, denying appellant's motion to reconsider the December 16, 2014, denial of its motion to dismiss filed pursuant to Texas Rule of Civil Procedure 91a. Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. *See Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (citing Tex.R.

Civ. P. 91 a.1).

An order denying a motion to dismiss is an interlocutory order. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *ReadyOne Indus., Inc. v. Guillen-Chavez*, 394 S.W.3d 724, 726 (Tex. App.—El Paso 2012, no pet.) (citing Tex.Civ.Prac. & Rem. Code Ann. §§ 51.012, 51.014).

Because there is no specific statutory authorization, an interlocutory appeal is not permitted in this situation. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (granting mandamus relief after finding relator had no adequate remedy by appeal to challenge the denial of a motion to dismiss); *see also City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (stating that because the Rule 91a motion challenged the trial court's subject-matter jurisdiction, section 51.014(a)(8) granted the right to an interlocutory appeal of the trial court's denial of the motion). In this case, there is no jurisdictional challenge for which an interlocutory appeal is authorized.

On March 2, 2015, the court notified the parties that the appeal would be dismissed for want of jurisdiction unless any party filed a response on or before March 17, 2015, demonstrating this court's jurisdiction over the appeal. No response was filed.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.