**Writ Conditionally Granted, Appeal Dismissed, and Majority and Concurring Memorandum Opinions filed May 7, 2015**.



In The

# Fourteenth Court of Appeals

---

**NO. 14-14-00019-CV**
**NO. 14-14-00042-CV**

---

**IN RE VALERUS COMPRESSION SERVICES, LP, VALERUS COMPRESSION SERVICES MANAGEMENT LLC, TPG CAPITAL LLC, TPG V VE, LP, TPG VI VE, LP, AND SCOTT MAGZEN, Relators**

**VALERUS COMPRESSION SERVICES, LP, VALERUS COMPRESSION SERVICES MANAGEMENT LLC, TPG CAPITAL LLC, TPG V VE, LP TPG VI VE, LP, AND SCOTT MAGZEN, Appellants**

**V.**

**JAMES J. WOODCOCK, C&J INDUSTRIES, INC., DEFINED BENEFIT TRUST, AND OTHERS SIMILARLY SITUATED, Appellees**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-69580**

---

# M A J O R I T Y   M E M O R A N D U M   O P I N I O N

In this consolidated petition for mandamus and interlocutory appeal, relators/appellants contend that the trial court abused its discretion by failing to rule on relators'/appellants' motion to compel arbitration prior to granting a Rule 202 petition in favor of the real parties in interest/appellees. We conditionally grant the writ of mandamus and stay the trial court's order granting the petition for Rule 202 depositions. We dismiss the interlocutory appeal.

## BACKGROUND

Valerus Compression Services, LP (the "partnership") is a limited partnership consisting of Valerus Compression Services Management LLC ("Valerus") and several limited partners. On October 2, 2013, James J. Woodcock and C&J Industries, Inc. Defined Benefit Trust (collectively, "the Woodcock Parties") sent a letter to Valerus, stating that they believed Valerus was manipulating tax allocations, assigning unwarranted phantom income, and failing to make requisite tax distributions. The Woodcock Parties also requested certain records to investigate these claims. Counsel for the partnership, Valerus, certain limited partners, and others (collectively, "the Valerus Parties")[1] responded to the letter by addressing the stated concerns and providing some of the information requested.

The Woodcock Parties filed a Rule 202 petition, seeking to depose various representatives of the Valerus Parties to investigate potential claims of breach of contract, breach of fiduciary duty, minority shareholder oppression, and civil conspiracy. In response, the Valerus Parties objected to the Rule 202 petition and

---

[1] The Valerus Parties include the partnership, Valerus, TPG Capital LLC, TPG V VE, LP, TPG VI VE, LP, and Scott Magzen. Valerus is the general partner and TPG V VE, LP and TPG VI VE, LP are limited partners in the partnership. TPG Capital LLC is a private equity investment firm that owns a controlling interest of the partnership through its affiliated entities, TPG V VE, LP and TPG VI VE, LP. Scott Magzen is a senior manager with Deloitte Tax LLP, who joined in the petition. The Woodcock Parties are also limited partners in the partnership.

filed a motion to compel arbitration pursuant to a dispute resolution clause in a partnership agreement among the parties. The trial court granted the Rule 202 petition but did not expressly rule on the motion to compel arbitration. The Valerus Parties filed this interlocutory appeal and mandamus proceeding. By order of February 27, 2014, this court consolidated the interlocutory appeal with this original proceeding.

## ISSUES AND ANALYSIS

In their petition for writ of mandamus and interlocutory appeal, the Valerus Parties contend that the trial court abused its discretion by granting the Rule 202 petition and by failing to grant their motion to compel arbitration.

## I. Writ of Mandamus or Interlocutory Appeal

To resolve this issue, we must first determine whether mandamus or interlocutory appeal is the appropriate mechanism to review the trial court's order. The Valerus Parties assert that if the trial court deferred a ruling on the motion to compel, mandamus is the appropriate proceeding. The Valerus Parties further contend that if the trial court impliedly denied the motion to compel, the trial court's order is reviewable by interlocutory appeal pursuant to section 51.016 of the Texas Civil Practice Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.016.

The trial court's order granted the Rule 202 petition but did not expressly rule on the motion to compel arbitration. The trial court's order only mentioned the motion to compel as one of the motions it considered in making its ruling. Although the trial court did not expressly state that it was postponing a ruling on the merits of the motion to compel, it appears that the trial court deferred a ruling on the motion to compel arbitration until after the Rule 202 depositions had been

3

taken. *See In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 815 (Tex. App.—Tyler 2011, orig. proceeding) (analyzing the trial court's order as a deferral even though the trial court did not expressly state that it was deferring its ruling on the motion to compel arbitration).

Mandamus lies only when there is no adequate remedy by appeal, and an appeal lies only from final orders and those interlocutory orders that statutes make appealable. *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 920 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Appellate courts have jurisdiction over interlocutory orders permitted by statute. *See* Tex. Civ. Prac. & Rem. Code § 51.016. The substance and function of the interlocutory order viewed in the context of the record controls our interlocutory jurisdiction. *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The Valerus Parties filed an interlocutory appeal pursuant to section 51.016 of the Texas Civil Practice and Remedies Code and the Federal Arbitration Act (FAA), 9 U.S.C. Section 16, along with a mandamus proceeding. The parties' arbitration clause states that it is subject to the FAA. The FAA allows interlocutory appeal from an order denying an application to compel arbitration, among other types of orders. 9 U.S.C. § 16(a)(1)(C). The FAA does not allow an interlocutory appeal from a trial court's deferral of a ruling on a motion to compel. *See In re F.C. Holdings, Inc.*, 349 S.W.3d at 815 (citing 9 U.S.C. § 16) (stating that there is "no provision for appealing trial court's deferral of ruling on motion to compel arbitration under Federal Arbitration Act"). The FAA refers only to orders denying a motion to compel arbitration and not to orders deferring a ruling on a motion to compel arbitration. *See* 9 U.S.C. § 16. Thus, because such an order is not appealable under the FAA, it is not an appealable order under section 51.016. *See ReadyOne Indus., Inc. v. Simental*, 394 S.W.3d 676, 679 (Tex. App.—El Paso

4

2012, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 51.016) (stating that "in matters subject to the FAA, an appeal is available only under the same circumstances that an appeal from federal district court's order would be permitted").

Several courts have considered this identical issue and have held that when a trial court defers ruling on a motion to compel arbitration, mandamus is the appropriate proceeding, not an interlocutory appeal. *See In re F.C. Holdings, Inc.*, 349 S.W.3d at 815 ("[A]ppeal is not available when a trial court defers ruling on a motion to compel arbitration."); *see also ReadyOne Indus., Inc.*, 394 S.W.3d at 679 (holding that an order deferring a ruling on a motion to compel arbitration was not appealable); *In re MHI P'ship, Ltd.*, 7 S.W.3d at 920−21 (holding that mandamus, not interlocutory appeal, was proper because the trial court deferred a ruling on whether to grant the motion to compel arbitration until after discovery was completed). We therefore hold that the trial court's order deferring a ruling on the motion to compel arbitration is not reviewable by interlocutory appeal.

In a similar Rule 202 petition case, this court conditionally granted mandamus relief when a trial court granted a Rule 202 petition and deferred its ruling on arbitrability until after the Rule 202 deposition had been taken. *See In re Bill Heard Chevrolet, Ltd.*, No. 14-05-00744-CV, 2005 WL 2787468, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2005, orig. proceeding) (per curiam) (mem. op.). Therefore, we hold that mandamus is the appropriate proceeding to review the trial court's order deferring a ruling on the motion to compel arbitration. We dismiss the Valerus Parties' interlocutory appeal.

## II.    Mandamus Relief

In their first issue, the Valerus Parties assert that they are entitled to mandamus relief because the trial court abused its discretion by failing to compel

arbitration pursuant to the parties' partnership agreement and stay the Rule 202 depositions.

In order to obtain mandamus relief, the Valerus Parties must show that the trial court committed a clear abuse of discretion and there is no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135−36 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when the trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

## A.     Abuse of Discretion

The Valerus Parties contend that the trial court abused its discretion by failing to stay the Rule 202 depositions and compel arbitration. In support of their contention, the Valerus Parties primarily rely on *In re Bill Heard Chevrolet*. *See* 2005 WL 2787468. In that case, the trial court deferred its ruling on the issue of arbitrability until after the Rule 202 deposition had been taken. *Id*. at *1. A panel of this court held that the trial court abused its discretion by ordering the Rule 202 deposition before ruling on the motion to compel arbitration. *Id*. The court reasoned that "[t]he trial court has no discretion to delay the decision on the merits of arbitrability until after discovery." *Id*. (citing *In re MHI P'ship, Ltd.*, 7 S.W.3d at 923). Thus, the court stayed the rule 202 deposition, conditionally granted the writ of mandamus, and ordered the trial court to rule on the issue of arbitrability. *Id*. This case is analogous to *In re Bill Heard Chevrolet* because the trial court granted the Rule 202 depositions prior to ruling on the motion to compel arbitration.

In response, the Woodcock Parties primarily rely on *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565 (Tex. App.—Dallas 2011, orig. proceeding). In that

case, the court held that the trial court had no jurisdiction to grant an interlocutory appeal from the trial court's order denying the motion to compel. *Id*. at 572 (citing *In re Sw. Sec., Inc.*, No. 05-99-01836-CV, 2000 WL 770117, at \*2 (Tex. App.—Dallas June 14, 2000, orig. proceeding) (mem. op.) (not designated for publication)). The court reasoned that because the only proceeding before the trial court was a rule 202 petition, the trial court did not have jurisdiction to grant the motion to compel arbitration, absent an agreement between the parties that the motion should be granted. *Id*.

We are bound to follow this court's precedent holding that a trial court abuses its discretion when it defers a decision on a motion to compel arbitration until after a Rule 202 deposition is conducted. *See Univ. of Tex. Health Science Cent. at Houston v. Crowder*, 349 S.W.3d 640, 644 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that the court was bound by prior precedent despite other Texas intermediate courts being split on the issue). Although the concurrence raises a valid argument as to why this court should reconsider its decision in *In re Bill Heard Chevrolet*, we decline to do so in this case. Therefore, we find that the trial court abused its discretion in ordering the Rule 202 depositions before ruling on the motion to compel arbitration. *See In re Bill Heard Chevrolet*, 2005 WL 2787468, at \*1.

### B. Adequate Appellate Remedy

The Valerus Parties assert that they have no adequate remedy by appeal because the trial court granted the Rule 202 depositions and failed to rule on the motion to compel arbitration.

Because there is no interlocutory appeal available from the trial court's deferral of ruling on the motion to compel arbitration, the Valerus Parties need not show that they have no adequate remedy by appeal. *See In re F.C. Holdings, Inc.*,

349 S.W.3d at 815 (holding that relator was not required to show it had no adequate remedy by appeal because the trial court deferred its ruling on the motion to compel and review by interlocutory appeal was unavailable).

## CONCLUSION

We therefore stay the trial court's order of January 7, 2014, granting the petition for Rule 202 depositions. We conditionally grant the writ of mandamus and order the trial court to rule on the issue of arbitrability. Only if the trial court fails to do so will the writ issue.

/s/    Ken Wise
Justice

Panel consists of Justices McCally, Brown, and Wise (McCally, J., concurring).