COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| ROBERT K. HUDNALL and SHARON E. HUDNALL, | § | No. 08-19-00217-CV |
| | § | Appeal from the |
| Appellants, | § | 448th District Court |
| v. | § | of El Paso County, Texas |
| SMITH AND RAMIREZ RESTORATION, L.L.C., | § | (TC# 2015DCV1113) |
| | § | |
| Appellee. | § | |

### MEMORANDUM OPINION

In this attempted appeal, Robert K. Hudnall and Sharon E. Hudnall seek to challenge both a written trial court order granting a motion to compel arbitration filed by Smith and Ramirez Restoration, L.L.C., and a discovery order permitting Smith and Ramirez Restoration to withdraw and amend deemed admissions. We dismiss for want of jurisdiction.

Appellate courts have jurisdiction over final judgments and those specific interlocutory orders deemed reviewable by statute. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 51.012 and 51.014. While orders *denying* a motion to compel arbitration are subject to interlocutory appeal, orders *granting* a motion to compel arbitration are not. *See Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 833 (Tex.App.—Houston [1st Dist.] 2002, no pet.). Consequently, the Court lacks jurisdiction to entertain an interlocutory appeal from the order compelling arbitration. Likewise,

the Court lacks jurisdiction to entertain an interlocutory appeal from the discovery order because such an appeal is not authorized by statute. *See ReadyOne Indus., Inc. v. Guillen-Chavez*, 394 S.W.3d 724, 726-27 (Tex.App.—El Paso 2012, no pet.)(dismissing attempted interlocutory appeal of trial court's discovery order ancillary to pending motion to compel arbitration).

As a fallback, the Hudnalls have also sent the Court a motion for a permissive appeal pursuant to TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d), (f). In a permissive appeal, this Court may, in the exercise of its discretion, review an otherwise unreviewable interlocutory order, provided that the prospective appellant overcomes several procedural hurdles. The first step in a permissive appeal involves obtaining the trial court's permission to appeal the order. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d) states:

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d).

The trial court's order granting permission to appeal must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation. TEX.R.CIV.P. 168. When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal. TEX.R.APP.P. 28.3(a). The petition must be filed within 15 days after the order to be appealed is signed. TEX.R.APP.P. 28.3(c).

Here, there is no evidence the trial court permitted the Hudnalls to appeal either the order

2

compelling arbitration or the discovery order.  Absent permission from the trial court, this Court lacks the ability to grant a petition for a permissive appeal on either order.

Because there is no statutory authorization allowing us to review the interlocutory orders the Hudnalls wish to challenge, and because the trial court did not grant the Hudnalls permission to appeal the orders under Section 51.014(d), we must dismiss this case for want of jurisdiction.

September 25, 2019

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and Barajas, Senior Judge
Barajas, Senior Judge (Sitting by Assignment)