**Dismissed and Memorandum Opinion filed February 4, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00228-CV

**ROBERTO GUERRA, Appellant**

**V.**

**MELINDA QUIROZ, Appellee**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-75924**

## MEMORANDUM OPINION

Appellant filed a notice of appeal on March 14, 2019, from two orders. Because we lack jurisdiction over an appeal from either order, we dismiss.

The first order denied appellant's plea to the jurisdiction. The Texas Civil Practice and Remedies Code allows an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code § 51.04(a)(8). The record reflects the underlying suit involves only private parties.

The second order denied appellant's motion to dismiss under Texas Rule of Civil Procedure 91a. Rule 91a allows a party to move to dismiss a claim on the ground that the claim has no basis in law or in fact. *See Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citing Tex. R. Civ. P. 91a.1). An order denying a motion to dismiss is an interlocutory order. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *ReadyOne Indus., Inc. v. Guillen-Chavez*, 394 S.W.3d 724, 726 (Tex. App.—El Paso 2012, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014). Because there is no specific statutory authorization, an interlocutory appeal is not permitted in this situation. *See In re Essex Ins. Co*., 450 S.W.3d 524, 528 (Tex. 2014) (granting mandamus relief after finding relator had no adequate remedy by appeal to challenge the denial of a motion to dismiss); *S. Cent. Houston Action v. Stewart*, 14-15-00088-CV, 2015 WL 1508699, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2015, no pet.) (mem. op.) (holding that appellate court has no appellate jurisdiction over the denial of a motion to dismiss under Rule 91a); *see also City of Austin v. Liberty Mut. Ins*., 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (stating that because the City's Rule 91a motion challenged the trial court's subject-matter jurisdiction, section 51.014(a)(8) granted the right to an interlocutory appeal of the trial court's denial of the motion).

On December 31, 2019, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless on or before January 10, 2020, appellant filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

The appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.