

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00147-CV

_____

NATHAN ROBINSON AND MISTI ROBINSON, INDIVIDUALLY AND AS
REPRESENTATIVES OF ALL PERSONS SIMILARLY SITUATED, Appellants

V.

HOME OWNERS MANAGEMENT ENTERPRISES, INC. D/B/A HOME OF
TEXAS AND WARRANTY UNDERWRITERS INSURANCE COMPANY,
Appellees

---

On Appeal from the 271st District Court
Jack County, Texas
Trial Court No. 15-02-019

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

This appeal is the latest chapter of an ongoing saga between Appellants Nathan and Misti Robinson and the companies that provided warranty protection for construction defects in their home—Appellees Home Owners Management Enterprises, Inc. d/b/a Home of Texas and Warranty Underwriters Insurance Company (collectively Home of Texas). In a previous chapter of this saga, we reversed the trial court's grant of summary judgment to Home of Texas, remanded the case to the trial court, and ordered that "the question of whether the Robinsons' individual release-related claims are barred by res judicata be referred to the arbitrator previously appointed to hear the Robinsons' individual claims." *Robinson v. Home Owners Mgmt. Enters., Inc.* (*Robinson II*), No. 02-20-00215-CV, 2021 WL 924839, at *16 (Tex. App.—Fort Worth Mar. 11, 2021, pet. denied) (mem. op.); *see also Robinson v. Home Owners Mgmt. Enters, Inc.* (*Robinson I*), 590 S.W.3d 518 (Tex. 2019).

Following our remand, the trial court signed an order (the Order) referring "the question of whether the Robinsons' individual release-related claims are barred by res judicata . . . to Arbitrator David S[ei]dler"—the arbitrator previously appointed to hear the Robinsons' individual claims—and staying "[a]ll other matters in this cause . . . until the Arbitrator renders his decision on res judicata." The Order was silent with respect to a motion filed by the Robinsons that was heard at the same time—a motion that requested that the trial court sign an order reaffirming that all of the Robinsons' individual claims had already been compelled to arbitration (the

2

Motion). The Robinsons now attempt to appeal the Order, complaining that the trial court refused "to compel certain specific matters to arbitration."

On April 28, 2022, we notified the Robinsons of our concern that we lack jurisdiction over this appeal because the Order does not appear to be an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.016, 171.098(a); *see also id.* § 51.014. We stated that we would permit the parties "a reasonable time to obtain a signed, appealable order." We informed the Robinsons that unless they or any party desiring to continue the appeal filed a response by May 18, 2022, showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

In a May 18, 2022 response to our letter, the Robinsons requested additional time to address our jurisdictional concern, noting that they had requested a hearing in the trial court to address the Order and the Motion. We sent the Robinsons another letter, again stating that we would permit the parties "a reasonable time to obtain a signed, appealable order," and we requested that the Robinsons file a response by June 1, 2022. On June 7, 2022, the Robinsons sent us a letter stating that their attempts to obtain a ruling on the Motion from the trial court had been unsuccessful. That same day, the Robinsons filed a petition for writ of mandamus, complaining that the trial court had abused its discretion by refusing to rule on the Motion. On August 4, 2022, we denied the Robinsons' petition for writ of mandamus, holding that the trial court's failure to rule on the Motion did not constitute an abuse of discretion.

*In re Robinson* (*Robinson III*), No. 02-22-00214-CV, 2022 WL 3097330, at \*4 (Tex. App.—Fort Worth Aug. 4, 2022, orig. proceeding) (mem. op.).

Turning back to the present appeal, generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). Where a matter is subject to the Federal Arbitration Act—as the present matter is here[1]—"an interlocutory appeal may be taken from an order denying an application to compel arbitration." *Branch L. Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 10 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing 9 U.S.C. § 16(a)(1)(C) and Tex. Civ. Prac. & Rem Code Ann. § 51.016). An interlocutory appeal is not permitted, however, when a trial court's order simply defers ruling on a motion to compel arbitration. *ReadyOne Indus., Inc. v. Torres*, 394 S.W.3d 720, 723 (Tex. App.—El Paso 2012, no pet.).

Here, the Order is silent with respect to the Motion; indeed, the Robinsons filed a petition for writ of mandamus seeking to compel the trial court to rule on their Motion.[2] Thus, we do not have a situation in which the trial court has denied an application to compel arbitration.[3] *See Branch L. Firm L.L.P.*, 532 S.W.3d at 10. As

---

[1]*See Robinson I*, 590 S.W.3d at 522 (noting that subject provision is governed by the Federal Arbitration Act).

[2]In their petition for writ of mandamus, the Robinsons noted that they "have no remedy by appeal."

[3]Indeed, as we recognized in *Robinson III*, Home of Texas acknowledged in its mandamus response that the Robinsons' individual claims were already in arbitration;

the Order does not contain a denial of an application to compel arbitration, the Order is not an appealable interlocutory order. *See id.* Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: August 31, 2022

---

thus, as we stated in *Robinson III*, "[t]here is no longer any real dispute between the parties regarding arbitrability of the individual claims." 2022 WL 3097330, at *2.