**DISMISS and Opinion Filed March 29, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-22-00724-CV

---

**BUILDERS FIRSTSOURCE, INC., BUILDERS FIRSTSOURCE–DALLAS, LLC, AND BUILDERS FIRSTSOURCE–SOUTH TEXAS, L.P., Appellants**

**V.**

**DESHAWN WHITE, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-01477-B**

---

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

In the underlying lawsuit, DeShawn White sued Builders FirstSource, Inc.,

Builders FirstSource–Dallas, LLC, and Builders FirstSource–South Texas, L.P.

(collectively Builders) for damages sustained from a work injury. Builders filed a

motion to stay and compel arbitration under the Federal Arbitration Act. White

filed a response combined with a motion for jury trial on the issue of arbitrability.

Builders appeals from the trial court's July 8, 2022 order denying its motion to stay

litigation and compel arbitration and granting DeShawn White's motion for jury

trial on the issue of arbitrability. Because the trial court's order appeared to defer

the issue of arbitrability, we questioned whether it was subject to interlocutory appeal and directed the parties to file letter briefs addressing the jurisdictional issue.

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). When an arbitration agreement is governed by the FAA, a party may take an interlocutory appeal from an arbitration order if 9 U.S.C. § 16 would permit an appeal from a federal district court's similar order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016; *see also* 9 U.S.C. § 16. Pursuant to section 16(a)(1)(A) and (B), a party may appeal from an order that refuses a stay of any action referrable to arbitration or that denies a petition to compel arbitration. 9 U.S.C. § 16(a)(1)(A), (B). An interlocutory appeal is not permitted, however, when a trial court's order simply defers ruling on a motion to compel arbitration. *See ReadyOne Indus., Inc. v. Torres*, 394 S.W.3d 720, 723 (Tex. App.—El Paso 2012, no pet.); *Robinson v. Home Owners Mgmt. Enterprises, Inc.*, No. 02-22-00147-CV, 2022 WL 3904961, at *2 (Tex. App.—Fort Worth Aug. 31, 2022, no pet.) (mem. op.) (same).

In their amended letter brief, Builders asserts sections 16(a)(1)(A) and (B) support this Court's jurisdiction over this interlocutory appeal. Undeniably, the order does deny Builder's motion to stay litigation and compel arbitration. If that were the only decretal language in the trial court's order, we would agree with

Builder's analysis. However, the order also *grants* White's motion for a jury trial on arbitrability and sets a date for the jury trial. Granting a jury trial on the issue of arbitrability effectively deferred a definitive ruling on Builders' motion to stay litigation and compel arbitration. Under these circumstances, we hold that neither subsection (A) nor (B) of section 16 permits an interlocutory appeal.

Builders also cites to two Texas cases to support its position that the order is subject to interlocutory appeal. *See Knox Waste Serv., LLC v. Sherman*, No. 11-19-00407-CV, 2021 WL 4470876 (Tex. App.—Eastland Sept. 30, 2021, no pet.) (mem. op.); *Baylor Univ. Med. Ctr. v. Greeson*, No. 05-14-01342-CV, 2015 WL 4397758 (Tex. App.—Dallas July 20, 2015, no pet.) (mem. op.). These cases are factually distinguishable. *Sherman* was simply an appeal from an order denying a motion to compel arbitration which is permitted under Texas law. *See Sherman*, 2021 WL 4470876, at *1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016; 9 U.S.C. § 16(a)(1)(B).

In *Greeson*, the trial court refused to decide Baylor's motion to compel arbitration and abated the case until the parties completed certain merits-based discovery. *Greeson*, 2015 WL 4397758, at *1. Construing the order as a motion denying its motion to compel arbitration, Baylor appealed. Addressing Greeson's jurisdictional challenge, this Court noted the arbitration agreement provided that the arbitrator had the authority over the administration of discovery. *Id*. This Court held that, because the parties agreed that discovery was within the

–3–

arbitrator's province, the trial court affirmatively denied Baylor's motion to compel arbitration when it delayed ruling on the motion until the parties completed certain merits-based discovery. *Id*. at *3. Here, unlike the facts in *Greeson*, the trial court has ordered a jury trial on the issue of arbitrability. Until the jury trial concludes, a ruling on Builders' motion to compel cannot be determined.

The remaining authorities relied upon, *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997 (8th Cir. 2004); *Boomer v. AT&T Corp.*, 309 F.3d 404 (7th Cir. 2002); and *Snowden v. Checkpoint Check Cashing*, 290 F.3d 631 (4th Cir. 2002) are non-binding federal cases.[1] In *Madol*, the court held the district court's order that did not determine conclusively whether the dispute should be referred to an arbitrator, but rather stayed proceedings and reopened discovery was an appealable order under Section 16. *See Madol*, 372 F.3d at 998-1001. Unlike here, the order in *Madol*, did not set a jury trial on the issue of arbitrability leaving no doubt that the issue was not yet determined. In the remaining two cases, the district court's orders denied motions to compel arbitration but suggested the court might revisit the issue. *See Boomer*, 309 F.3d at 411-14; *Snowden*, 290 F.3d at 635-36. The trial court here did not state it *might* revisit the issue. Instead, by ordering a jury

---

[1] *See Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993) (stating that opinions from any federal or state court may be relied on as persuasive authority, but Texas appellate courts are obligated to follow only higher Texas courts and the United States Supreme Court).

trial on arbitrability, it left no doubt that the issue would be revisited and no final ruling has yet been made.

Although the trial court's order denied Builder's motion to compel arbitration, it simultaneously granted White's motion for a jury trial on arbitrability. Under these circumstances, the order can only reasonably be construed as deferring a final ruling on whether to grant arbitration. Because such an interlocutory order is not reviewable, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220724F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BUILDERS FIRSTSOURCE, INC.,
BUILDERS FIRSTSOURCE–
DALLAS, LLC, AND BUILDERS
FIRSTSOURCE-SOUTH TEXAS,
L.P., Appellants

No. 05-22-00724-CV     V.

DESHAWN WHITE, Appellee

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-01477-
B.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Goldstein
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee DESHAWN WHITE recover his costs of this appeal from appellants BUILDERS FIRSTSOURCE, INC., BUILDERS FIRSTSOURCE-DALLAS, LLC, AND BUILDERS FIRSTSOURCE-SOUTH TEXAS, L.P.

Judgment entered March 29, 2023